Cottle *v.* Young.

———◆———

GEORGE W. COTTLE *vs.* HIRAM S. YOUNG.

*Deed — boundaries of — construction of.  Reservation.  Prescription.*

| 59 | 105 |
|----|-----|
| 92 | 195 |
| 59 | 105 |
| 106 | 134 |

Where the first call in a deed bounds the land "on the east by" a certain road, and the fourth and last call makes the "south line to be a straight line from" a point named, "to the southerly post in a pair of bars, on the road named," *Held,* that the center of the road is the east line of the land.

A road crossed the south-east corner of a parcel of land described as, "beginning on the west side of the road, at the south-east corner of" the northerly adjoining lot ; thence westerly and southerly, certain distances, to the southwest corner; thence easterly across the road a certain distance; thence northerly "to the road named, and crossing the road and running on the westerly line thereof to the first-mentioned bound,— excepting and reserving to the public the road crossing the premises." *Held,* that so much of the road as lay "on the westerly line thereof" was excluded from the grant; that so much as lay within the lines mentioned, was included; and that the exception referred to the rights of the public in the road, and not to the road itself.

An offer to show that the defendant, in an action of trespass had had the undisputed privilege of cutting the grass in dispute for thirty years, is not an offer to show the acquisition of a right by prescription.

Cottle *v.* Young.

N.

Cottle Road.

H. A. Caldwell's Land.

Land conveyed by Snell to Cottle.

107

Hiram S. Young's Land.

105

W.

Land conveyed by PACKARD TO COTTLE.

Wm. Thomas' Land.. Formerly Otis Follett's Land

H. A. Caldwell's Land.

*Sidney to Winthrop, or from Manchester Center to Sidney.*

*Road from Sidney*

*ROAD FROM AUGUSTA TO BELGRADE.*

* South post of a pair of bars, and south-east corner of land of Geo. W. Cottle.   † Hemlock tree.   § Stakes and stones.                S.

ON REPORT.

TRESPASS to recover damages for carrying away earth and grass from the west side of the center of the road leading from Sidney to Winthrop, near to the pair of bars as represented on the diagram.

The plaintiff claimed to own to the center of the road. His title is set out in the premises of the two deeds described in the opinion.

The defendant's title was derived from one Shedd, whose deed described the premises as follows: " Beginning in the north-west corner of lot numbered 107, thence south south-west by Bernsly Caldwell's land, to land lately owned by Otis Follett; thence east south-east by said Follett's land, and across lots No. 107 and 105; thence to the north-east corner of lot No. 105; thence by a road west north-west to lot No. 107, and on the same course to the first bound, — excepting a piece of land conveyed by Robert Brinley to Bernsly Caldwell."

The piece of land conveyed by Brinley to Caldwell, and comprising the foregoing exception, is described as follows:

" Beginning at the north-west corner of lot No. 107, thence southerly the course of said lot, to land owned by Otis Follett; thence east south-east by said Follett's land, to a road leading from Sidney to Winthrop; thence northerly in the course of said road, to the north end of lot 107; thence westerly to the first bound."

The defendant offered to prove that he had had the undisputed privilege of cutting the grass on the spot in dispute for thirty years, but the presiding judge excluded it.

The case was then reported to the full court, with the agreement that if the plaintiff was entitled to hold to the center of the road leading from Sidney to Winthrop, the defendant was to be defaulted, and damages assessed by the clerk, unless the evidence offered and excluded should have been admitted.

*S. Lancaster*, for the plaintiff.

Snell owned the land conveyed by Brinley to Caldwell, when he conveyed to plaintiff, and his east line was to the center of the road. Snell intended to convey all and not reserve the strip lying between center of the road and the west line of the road. If he did not convey then he owns it now. Same may be said of his deed to Packard, and Packard to plaintiff.

Snell's deed to the plaintiff, conveying to the center of the road, the place of beginning in Packard's deed to Cottle being the "southeast corner of said Cottle's south line;" would be the center of the road. Washb. on Real Prop. ed. 1862, 635.

On the reservation " to the public," counsel cited *Pike* v. *Monroe*, 36 Maine, 309 ; *Brackett* v. *Persons Unknown*, 53 Maine, 238.

*S. Titcomb*, for the defendant.

APPLETON, C. J. There seems to be no conflict between the title of the plaintiff and that of the defendant. Each holds what is conveyed to him.

The plaintiff can recover only on the strength of his own title. The only question is whether the plaintiff is bounded by the center of the road leading from Sidney to Winthrop, and that depends upon the true construction of the deeds under which his title is derived.

The deed from George Snell to the plaintiff, dated Sept. 8, 1865, describes the premises conveyed as follows: " A certain piece of and situate in said town of Manchester, and bounded as follows : on the east by the road leading from Sidney to Winthrop, on the north by the road leading from the first-named road to the Cottle house, and known as the Cottle road, on the west by the land of Henry A. Caldwell, and on the south by other land of mine, the south line to be a straight line from a certain hemlock in or near the line between me and Henry A. Caldwell, to the southerly post in a pair of bars in the south-easterly corner of the piece hereby conveyed ; this pair of bars being on the road first named, containing twenty acres more or less."

The tract conveyed is bounded " on the east by the road leading from Sidney to Winthrop." The road is the boundary, and when land is bounded by a road, the grant is to the center of the road. The termination of the last line, " at the southerly post in the pair of bars in the south-easterly corner of the piece hereby conveyed ; this pair of bars being on the road first named," does not change the eastern boundary before given. It merely designates the course and place of the line running to the road, but does not limit or restrict it from extending to the center of the road. It runs to a monument on the road, and that is all. It could not well run to one in the road. Taking the whole language of the deed together, the road must be regarded as the easterly boundary. *Reed's petition,* 13 N. H. 384.

The deed from Caleb Packard to the plaintiff, dated Sept. 25, 1866, conveys " a certain piece or parcel of land, with the buildings thereon, situate in said Manchester, and bounded and described as follows : " Beginning on the west side of the road leading from Manchester Center to Sidney, at the south-east corner of land of George W. Cottle ; thence running westerly, on Cottle's south line, about seventy-five rods, to land of H. A. Caldwell ; thence southerly, on Caldwell's easterly line, fifty rods more or less, to a stake and stones for a corner ; thence westerly, on said Caldwell's south line, to the road leading from Augusta to Belgrade ; thence southerly, on the eastern line of said last-mentioned road, one hundred rods more or less to said Caldwell's land ; thence easterly, on said Caldwell's northerly line one hundred rods more or less to land of William Thomas ; thence northerly on said Thomas' west line to the first-named road, and crossing said road and running on the westerly line thereof to the first-mentioned bounds, containing eighty acres more or less, being part of the Bernsly Caldwell farm, so called, excepting and reserving to the public the road crossing said premises."

The road leading from Manchester Center to Sidney is the same road which in some of the deeds is described as leading from Sidney to Winthrop.

The exception or reservation in the last clause of the deed is of the public rights in the road crossing said premises. It is not of the road, for that is included in the grant, but of the rights of the public therein.

It is undoubtedly true that where land is sold bounded by, upon, or along a highway, the thread or center line of the same is to be presumed to be the limit and boundary of such land. But it is equally true that the grantor, by apt and fitting words, may exclude this presumption and reserve the entire road to himself, subject to the easement of the public. He may bound his grantee by the line of the road and not by the road itself.

The grantor, in the deed last referred to, has very clearly excluded the road leading from Manchester Center to Sidney from his grant. He begins on the west side of the road at the southeast corner of the plaintiff's land. The deed, after various courses and distances, gives a "line to the first-named road," but it does not stop there. It crosses the road and runs on "the westerly line thereof to the first-mentioned bounds." The easterly line of the land conveyed is bounded not by the road, but by the westerly line of the road, after having crossed the road to reach that line. Both termini on the road are on the westerly side thereof, and the line is its westerly line. The description given manifestly excludes the road by the westerly side of which the plaintiff is bounded. *Smith* v. *Slocomb*, 9 Gray, 36 ; *Tyler* v. *Hammond*, 11 Pick. 193.

The distinction between the two deeds under which the plaintiff derives his title is, that by the first deed he is bounded on the road which clearly goes to its center, and in the second his boundary is the westerly line of the road, thereby excluding the road.

The offer of the defendant to show that he had the undisputed privilege of cutting the grass in dispute for thirty years is not an offer to show the acquisition of a right by prescription or by adverse possession. It would rather exclude the idea of any cutting by rightful title. It implies that it was the result of a privilege granted, the

extent of which was, indefinite and which might at any time be withdrawn.

*Defendant defaulted, and damages are to be assessed only for the hay cut on the road leading from Sidney to Winthrop, east of the land conveyed by George Snell to the plaintiff, by deed dated Sept. 8, 1865, or on the portion of the said road included in the deed given by Packard to the plaintiff, if any, and if none, then the plaintiff to become nonsuit.*

CUTTING, KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.